## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EQUILLER COOPER and
ERIC SANTIFER,

      Plaintiffs,

                                Civil Action No. 16-12682

v.

                                HONORABLE DENISE PAGE HOOD

U-HAUL MOVING & STORAGE OF
ANN ARBOR and STEPHANIE HOLIK,

      Defendants.
_____/

## ORDER GRANTING APPLICATIONS TO
## PROCEED WITHOUT PREPAYING FEES,
## SUMMARILY DISMISSING AND CLOSING ACTION
## AND
## FINDING ANY APPEAL FRIVOLOUS

Before the Court are Applications to Proceed Without Prepaying Fees or Costs

filed by Plaintiffs Equiller Cooper and Eric Santifer.  A review of the applications

support their claim that they are unable to pay the costs of these proceedings.  The

Court grants *in forma pauperis* status to proceed without prepayment of the filing fee

for this action.  However, for the reasons set forth below, the Court dismisses the

action for lack of subject matter jurisdiction.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may

dismiss a complaint before service on a defendant if it is satisfied that the action is

frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief.  A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint.  The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008).  Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519 (1972).  However, *pro se* litigants are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

The federal district court is a court of limited jurisdiction.  The district court is only empowered to hear those cases that (1) are within the judicial power of the United States as defined in Article III of the Constitution and (2) that have been entrusted to the district court by a jurisdictional grant of Congress.  *Hodgson v. Bowerbank*, 9 U.S. 303 (1809); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982).  The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists.  *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895).  The intent of Congress to drastically restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-291 (1938).  The facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); Fed. R. Civ. P. 8(a)(1).  If these facts are challenged, the burden is on the party claiming jurisdiction to demonstrate that the court has jurisdiction over the subject matter.  *Thomson v. Gaskill,* 315 U.S. 442 (1942).  "If the court determines at any time it lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action."  Fed. R. Civ. P. 12(h)(3);  *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737 (1976).  The existence of subject matter jurisdiction generally is a question of law.  *Greater Detroit Resource*

*Recovery Author. v. United States*, 916 F.2d 317, 319 (6th Cir. 1990).  The Court of Appeals reviews a district court's factual determinations regarding jurisdictional issues for clear error.  *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir. 1993).

Plaintiffs assert diversity subject matter jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction is established "where the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).  Plaintiffs' Complaint alleges damages in the amount of $40,000, which is less than the amount in controversy amount required of over $75,000 under § 1332(a).  Plaintiffs' Complaint and the Civil Cover Sheet allege that Plaintiffs and Defendants are residents of the State of Michigan.  Section 1332(a) requires that plaintiffs and defendants must be citizens of different States.

Based on the Court's review of the Complaint, the Court finds it lacks subject matter jurisdiction over Plaintiffs' claims against Defendants and the case must be dismissed.  This finding does not prevent Plaintiffs from filing their Complaint against Defendants in the appropriate State Court (State District Court or State County Court) within Washtenaw County, State of Michigan.

For the reasons set forth above,

IT IS ORDERED that the Application to Proceed *In Forma Pauperis* Without

Prepaying Fees or Costs **(Doc. Nos. 2 and 3)** are GRANTED.

IT IS FURTHER ORDERED that the action is DISMISSED and designated as CLOSED on the docket.

IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B).  Any Appeal of this Order would be frivolous and would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.

IT IS SO ORDERED.


S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  July 27, 2016



I hereby certify that a copy of the foregoing document was served upon counsel of record on July 27, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

5